IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TIMOTHY F. WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:14-CV-83 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court for review of the Commissioner of Social Security's decision denying Disability Insurance Benefits to Plaintiff, Timothy F. Woods. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED.**

BACKGROUND

In July of 2009, Plaintiff, Timothy F. Woods ("Woods"), filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), for a disability alleged to have begun on December 27, 2007. (Tr. 15, 280, 283.) Woods' claims were denied initially and upon reconsideration. (Tr. 15, 127-30.) Upon Woods' written request, a video hearing was held on January 11, 2011; Woods, who was represented by attorney Charles F. Marlowe ("Attorney Marlowe"), and a

vocational expert ("VE"), Mr. Harding, testified.  (Tr. 15, 101-26.)  On January 28, 2011, the Administrative Law Judge ("ALJ"), Curt Marceille, issued a decision that was unfavorable to Woods, finding that he was not disabled.  (Tr. 15, 134-44.)  The Appeals Council remanded the matter back to an ALJ, this time to ALJ Edward Studzinski, for resolution of an issue involving medical expert responses to interrogatories.  (Tr. 15, 149-50.)  Upon remand, the ALJ was to proffer the medical expert responses to interrogatories in accordance with Hallex I-2-5-42, obtain additional evidence concerning Woods' impairments with regard to consultative examinations and existing medical evidence, and, if warranted, give further consideration to Woods' maximum residual functional capacity ("RFC").  (*Id.*)  On August 21, 2012, ALJ Studzinski held a video conference hearing, at which Woods, who was still represented by Attorney Marlowe, testified along a medical expert and a VE.  (Tr. 15, 47-100.)  On October 11, 2012, ALJ Studzinski issued a decision that was again unfavorable to Woods, finding that Woods was not disabled during the relevant time period.  (Tr. 15-27.)

On February 25, 2014, the Appeals Council denied Woods' request for review.  (Tr. 1-5.)  In its notice to Woods, the Appeals Council stated that, in addition to considering the reasons Attorney Marlowe listed on the Order of Appeals Council form, it also reviewed additional records provided after the

October 2012 hearing.[1]  (Tr. 2.)  The Appeals Council concluded that the new information related to a later time period and did not affect the decision about whether Woods was disabled beginning on or before October 11, 2012.  (*Id*.)  The Appeals Council advised Woods that if he wanted the Appeals Council to consider whether he was disabled after that date, he would need to apply again.  (*Id*.)  Accordingly, ALJ Studzinski's decision dated October 11, 2012, became the Commissioner's final decision in this matter.  Woods has initiated the instant action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

RELEVANT FACTS[2]

From February 2013 to July 2013, Woods treated at the Center for Pain Management, generally with Dr. Simon Ho.  (Tr. 699-707, 725-38.)  At his initial assessment on February 1, 2013, he was found to ambulate with difficulty, but to have a negative straight-leg raise test bilaterally and to have 5/5 strength in all extremities.  (Tr. 727.)  In late February, following an MRI, Dr. Ho characterized Woods' condition as failing to respond to conservative measures "for at least three months."  (Tr. 733.)

---

[1]  The Appeals Council listed each set of documents that it considered by name.
[2]  The Court has borrowed liberally from the Commissioner's brief for this section of the order; Woods has not pointed to any relevant facts whatsoever in support of his position.

Dr. Ho administered a cervical interlaminar epidural on March 5, 2013, which substantially reduced Woods' reported pain. (Tr. 734, 736.) On May 20, 2013, Woods underwent a diagnostic cervical medial branch block. (Tr. 699.) At a follow-up appointment the next month, he related that his post-procedure pain was 0 out of 10 at its lowest. (Tr. 701.) He also noted a "substantial increase in functional capacity." (Tr. 701.) Dr. Simon Ho again performed the block procedure in July of 2013 and again achieved similar results. (Tr. 703-06.)

Also beginning in February of 2013, Woods treated with Edgewater Systems for his depression. (Tr. 709-24, 739-56.) Later notes generally assessed Woods as having "moderate symptoms" which generally improved with treatment and medication (Tr. 711, 713, 715, 717, 719.)

Woods also treated at St. Mary's Medical Center in March of 2013. (Tr. 758.) These records appear to be the inpatient hospital records associated with Woods' March 5, 2013, epidural injection. (Tr. 758-790.)

On September 26, 2013, Mrs. Rose Davis, M.A., a therapist, completed a mental impairment questionnaire for Woods. (Tr. 693-98.) Mrs. Davis failed to indicate her frequency or length of contact with Woods, but she opined that Woods had a GAF score of 55, suffered poor concentration, mood swings, anger outbursts, insomnia, rapid speech, blurred vision, severe back pain, and

neck pain. (Tr. 693.) Mrs. Davis marked every listed mental ability or aptitude needed to do (unskilled or skilled) work as "unable to meet competitive standards." (Tr. 695-96.) She also opined that Woods could be expected to miss more than four days of work per month. (Tr. 698.)

DISCUSSION

Review of Commissioner's Decision

This Court has authority to review the Commissioner's decision to deny social security benefits. 42 U.S.C. § 405(g). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." *Id*. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). In determining whether substantial evidence exists, the Court shall examine the record in its entirety, but shall not substitute its own opinion for the ALJ's by reconsidering the facts or reweighing the evidence. *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). With that in mind, however, this Court reviews the ALJ's findings of law de novo and if the ALJ makes an error of law, the Court "may reverse without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999).

As a threshold matter, for a claimant to be eligible for benefits under the Social Security Act, the claimant must establish that he is disabled. To qualify as being disabled, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382(a)(1). To determine whether a claimant has satisfied this statutory definition, the ALJ performs a five-step evaluation:

> Step 1: Is the claimant performing substantial gainful activity: If yes, the claim is disallowed; if no, the inquiry proceeds to step 2.
>
> Step 2: Is the claimant's impairment or combination of impairments "severe" and expected to last at least twelve months? If not, the claim is disallowed; if yes, the inquiry proceeds to step 3.
>
> Step 3: Does the claimant have an impairment or combination of impairments that meets or equals the severity of an impairment in the SSA's Listing of Impairments, as described in 20 C.F.R. § 404 Subpt. P, App. 1? If yes, then claimant is automatically disabled; if not, then the inquiry proceeds to step 4.
>
> Step 4: Is the claimant able to perform his past relevant work? If yes, the claim is denied; if no, the inquiry proceeds to step 5, where the burden of proof shifts to the Commissioner.

> Step 5: Is the claimant able to perform any other work within his residual functional capacity in the national economy: If yes, the claim is denied; if no, the claimant is disabled.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v); see also *Herron v. Shalala*, 19 F.3d 329, 333 n. 8 (7th Cir. 1994).

In this case, the ALJ found that Woods suffered from the following severe impairments: degenerative disc disease and obesity. (Tr. 18.) He also determined that Woods had "non-severe" impairments related to his diabetes mellitus, hyperlipidemia, and hypertension, all of which were controlled. (*Id.*) The ALJ opined that Woods' mental impairment of depression did not cause more than minimal limitations in his ability to perform basic mental work activities and was thus also "non-severe." In making that determination, the ALJ noted that, although the record indicated the claimant was diagnosed with depression on July 31, 2012, by his primary care provider, the record did not show that Woods had ever treated with or even met with a psychiatric expert. (*Id.*) The ALJ also pointed out that Woods' diagnosis was made approximately a month before the date of his decision; the ALJ stated that Woods had failed to allege that he was disabled due to depression, or any other mental impairment, in his original disability report and that the record did not establish that such impairment would last a full twelve months. (*Id.*)

Ultimately, the ALJ concluded that Woods did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (Tr. 20.) The ALJ also found that Woods had the RFC to perform:

> less than light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). Specifically, the claimant can lift and carry twenty pounds occasionally and ten pounds frequently. The claimant can stand or walk for one hour at a time and stand and/or walk for four hours total in an eight-hour workday. The claimant must be allowed to sit for five minutes after standing for an hour. The claimant can sit for two hours at a time. The claimant can occisionally climb stairs and ramps, but cannot climb ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can occasionally perform overhead reaching with his upper extremities bilaterally. The claimant can frequently, but not constantly, operate foot controls bilaterally. The claimant cannot work at unprotected heights or perform work involving constant exposure to unguarded, hazardous machinery.

(*Id.*)

After considering Woods' age, education, work experience and RFC, the ALJ relied upon the testimony of the VE and concluded that Woods was not disabled and not entitled to benefits because he was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. (Tr. 26.) Thus, Woods' claim failed at step five of the

-8-

evaluation process.

In his complaint, Woods states that the Commissioner's decision was erroneous because "[a]dditional evidence was submitted and not considered in this decision." (DE #1, p. 1.) He does not identify what evidence he is referring to. In his *pro se* brief, Woods states, in full and verbatim, that he is:

> appealing this case due to evidence not admitted for the Commissioner to make this decision. The rules state you must have the condition continuously for a period of 12 months and unable to work. First and far most I've had this condition since December 2007. As stated in my medical records my condition is disabling me to do anything physically and mentally. The records which was submitted October 2012 as stated in the denial was not taken into consideration to make this decision. I am still seeking medical attention for my physical and my mental disabilities. If need be I can submit more supporting documentation from the date of October 2012 to present. Your attention to this matter would be greatly appreciated.

(DE #14, pp. 1-2.) While Woods is not represented by counsel at this time, he nonetheless bears the burden of showing that the ALJ committed reversible error. See *Cadenhead v. Astrue*, 410 F. App'x 982, 994 (7th Cir. 2011) (*pro se* litigants "must present arguments supported by legal authority and citations to the record"); *McLachlan v. Astrue*, 392 F. App'x 493, 494 (7th Cir. 2010) (dismissing *pro se* appeal because the brief did "not refer to facts in the record or contain an argument consisting of more than a generalized assertion of error"). "A generalized

assertion of error is not sufficient to challenge an adverse ruling, . . . and undeveloped or unsupported contentions are waived." *Cadenhead*, 410 F. App'x at 984 (citations omitted). Woods has not presented any legal authority in support of his position, and he has not provided a single citation to the record. He has not specified what evidence that was submitted was allegedly not considered, and he has not identified any evidence that was not submitted that should now be considered. Such a generalized assertion of error, devoid of any supporting facts, law, or citation to the record, is not sufficient to challenge the ALJ's adverse ruling, and the Court finds that all of Woods' undeveloped and unsupported arguments are waived. To the extent that Woods is arguing that the Appeals Council improperly rejected evidence that was submitted subsequent to the October 2012 hearing held by ALJ Studzinski,[3] the Court agrees with the Commissioner that the evidence was properly categorized as not material to the time period in question.

Pursuant to Social Security Administration regulations, "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. §§ 404.970(b). If the Appeals

---

[3] This is how Woods' argument is classified by the Commissioner in its Memorandum in Support of the Commissioner's Decision, and Woods has not filed a reply to dispute or clarify that classification.

Council determines that the evidence is new and material, it must evaluate the entire record, including the newly submitted evidence, to determine if the ALJ's decision is contrary to the weight of the evidence. *Id*. A district court is tasked with analyzing whether the Appeals Council made an error of law in refusing that review, but "[i]n the absence of any such error . . . the Council's decision whether to review is discretionary and unreviewable." *Perkins v. Chater*, 107 F.3d 1290, 1294 (7th Cir. 1997). The Seventh Circuit has explained that "whether [an] ALJ's decision is supported by substantial evidence is not the same question as whether the Appeals Council properly rejected [an] appeal." *Farrell v. Astrue*, 692 F.3d 767, 770-71 (7th Cir. 2012).[4]

When it relates to that particular decision by the Appeals Council, "new and material" evidence is defined as:

> 1. Not part of the claim(s) record as of the date of the ALJ decision;
>
> 2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and
>
> 3. Relates to the period on or before the date of the ALJ decision, meaning it is: (1) dated before or on the date of the ALJ decision, or (2) post-dates the ALJ decision but is reasonably related to the time period adjudicated by the ALJ.

---

[4] Sentence six of 42 U.S.C. § 405(g) is not applicable where, as here, the evidence the claimant wanted the court to consider was not "new" to the district court because it had already been submitted to and rejected by the Appeals Council. *Farrell*, 692 F.3d at 770.

*Lomax v. Colvin*, 13-CV-331-JDP, 2014 WL 4265842, at *13 (W.D.Wis. Aug. 28, 2014) (citing HALLEX I-3-3-6).[5]

Here, it is undisputed that the evidence was new to the administrative record at the time of Woods' application to the Appeals Council, so the question at issue is whether the newly submitted evidence was material. After review of the evidence in the Supplemental Certification filed by the Commissioner (DE #18), the Court agrees with the Commissioner that the Appeals Council was correct in noting that such information was "new information about a later time" and thus does "not affect the decision about whether [Woods] was disabled beginning on or before October 11, 2012." None of the additional evidence cited by the Appeals Council speaks to Woods' condition as it existed at the time of the ALJ's decision, nor is it reasonably related to the time period adjudicated by the ALJ. See *Johnson v. Apfel*, 191 F.3d 770, 776 (7th Cir. 1999) (citing *Anderson v. Bowen*, 868 F.2d 921, 927 (7th Cir. 1989)) ("the evidence must 'relate to the claimant's condition during the relevant time period encompassed by the disability application under review.'"). Woods does not identify any information that would reasonably have changed the ALJ's conclusion that he was disabled beginning on or before October 11, 2012. The evidence contained within the Supplemental Certification describes treatment that Woods received anywhere

---

[5] HALLEX is the Social Security Administration's internal Hearings, Appeals, and Litigation Law Manual.

from four to eleven months after the date of the decision.  It does not diagnose a previously undiagnosed condition, provide an opinion expanding upon a relevant diagnosis as it existed during the adjudicative period, or seek to fill any evidentiary gaps.  As such, it was not error for the Appeals Council to determine that the newly submitted evidence did not affect the ALJ's decision.

Woods presents no further argument and does not identify any other defect in the ALJ's reasoning.  As noted above, even *pro se* litigants must present arguments supported by legal authority and citations to the record, and a generalized assertion of error is insufficient to challenge an ALJ's ruling.  See *Cadenhead,* 410 F. App'x at 984, 994; *McLachlan v. Astrue*, 392 F. App'x at 494.  This Court finds that the ALJ provided substantial evidence in support of his decision.  Woods was represented by counsel during the administrative proceedings and had an adequate opportunity to present all relevant evidence to the ALJ during the time period in question and to fully develop the underlying medical record.  Because Woods has failed to demonstrate that the ALJ committed error at any step of his analysis, his appeal must be dismissed and the ALJ's decision must be affirmed.

## CONCLUSION

For the reasons set forth above, the Commissioner of Social Security's final decision is **AFFIRMED.**

**DATED: September 30, 2015**          /s/ Rudy Lozano, Judge
                                       **United States District Court**